**FENG ZHENG, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

**No. 06–5214–ag.**

United States Court of Appeals, Second Circuit.

May 16, 2007.

Aleksander B. Milch, New York, New York, for Petitioner.

Amul R. Thapar, United States Attorney for the Eastern District of Kentucky, Charles P. Wisdom Jr., Appellate Chief, H. David Sledd, Assistant United States Attorney, Lexington, Kentucky, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. CHESTER J. STRAUB, Hon. RICHARD C. WESLEY, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Feng Zheng, a native and citizen of China, seeks review of a November 13, 2006 order of the BIA affirming the June 3, 2005 decision of Immigration

Judge ("IJ") Brigitte Laforest denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Feng Zheng*, No. A98 288 963 (B.I.A. Nov. 13, 2006), *aff'g* No. A98 288 963 (Immig. Ct. New York City June 3, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

*Asylum and Withholding of Removal*

An alien who "ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion" is not eligible for asylum or withholding of removal. *See* INA §§ 208(b)(2)(A)(i), 241(b)(3)(B)(i); 8 U.S.C. §§ 1158(b)(2)(A)(i), 1231(b)(3)(B)(i).

 There is substantial evidence to support the BIA's and IJ's conclusion that Zheng assisted or participated in persecution, as she testified that she administered abortion-inducing medication to women who were being forced to undergo such procedures. Despite her arguments to the contrary, the record supports the BIA's and IJ's finding that Zheng knowingly administered abortion medications as Zheng testified that while she did not want to administer the medications, she had no choice because it was her job. Moreover, Zheng's subsequent act of releasing three women does not excuse her from the consequences of her acts of persecution. *See Zhang Jian Xie v. INS*, 434 F.3d 136, 144 (2d Cir.2006).

*CAT Relief*

 Zheng contends that her testimony, which was deemed credible by the IJ, established that she would be imprisoned if returned to China. As with asylum and withholding of removal, this Court reviews a CAT claim under the substantial evidence standard and will "uphold the BIA's decision unless [the petitioner] demonstrates that the record evidence was so compelling that no reasonable factfinder could fail to find [her] eligible for ... [CAT] relief." *Mu Xiang Lin v. U.S. Dept. of Justice*, 432 F.3d 156, 159 (2d Cir.2005) (internal citations and quotations omitted). While country reports indicate that there are widespread human rights abuses in China, including incidents of torture in prisons, they do not indicate that someone in Zheng's particular circumstances would be imprisoned or tortured. Zheng's case is indistinguishable from *Mu Xiang Lin*, in that she relies on the reports of general conditions in China, as described in background materials, to demonstrate that she would be tortured for her act of releasing women from the hospital where they were being held for abortions or sterilizations. Accordingly, the BIA and IJ did not err by finding that she failed to satisfy her burden of proof. *Id.*

For the foregoing reasons the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.